IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MILLENNIUM PHARMACEUTICALS INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 14-093-GMS |
| TEVA PHARMACEUTICALS USA, INC. and TEVA PHARMACEUTICAL INDUSTRIES LTD., | ) ) ) ) ) | |
| Defendants. | ) | |

**TEVA PHARMACEUTICALS USA, INC.'S AND TEVA PHARMACEUTICAL INDUSTRIES LTD.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO COMPLAINT**

Teva Pharmaceuticals USA, Inc. ("Teva USA") and Teva Pharmaceutical Industries Ltd.[1] ("Teva Ltd.") (jointly, "Teva") hereby answer and counterclaim to the Complaint of Plaintiff Millennium Pharmaceuticals, Inc. ("Plaintiff") as follows, wherein each paragraph 1-45 responds to the same-numbered paragraph in the same-numbered paragraph in the Complaint:

**NATURE OF THE ACTION**

1. The allegations of this paragraph state legal characterizations to which no response is required. To the extent a response is required, Teva admits that Teva USA filed Abbreviated New Drug Application ("ANDA") No. 205857 under Section 505(j) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355(j), seeking United States Food and Drug

---

[1] Teva Ltd. has not been served by Plaintiff with Plaintiff's Complaint in this lawsuit. Without waiving any rights, Teva Ltd. hereby responds to the substantive allegations of Plaintiff's Complaint in the event Plaintiff properly serves such Complaint on Teva Ltd. to ensure this case proceeds expeditiously and without delay.

Administration ("FDA") approval to market generic pharmaceutical products. Teva denies the remaining allegations of this paragraph.

## PARTIES

2. Teva is without information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and therefore denies the same.

3. Teva admits that Teva Ltd. is a corporation organized under the laws of Israel, having its principal place of business at 5 Basel Street, Petach Tikva 49131, Israel. Teva admits that Teva USA is an indirect wholly-owned subsidiary of Teva Ltd. Teva lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of this paragraph, at least in part, because the term "agent" is vague, ambiguous and undefined, and therefore denies the same.

4. Teva admits that Teva USA is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1090 Horsham Road, North Wales, Pennsylvania 19454. Teva admits that Teva USA is an indirect wholly-owned subsidiary of Teva Ltd. Teva lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of this paragraph, at least in part, because the phrases "controlled and/or dominated" and "for the direct benefit of" are vague, ambiguous and undefined, and therefore denies the same.

5. Teva admits that Teva USA is an indirect wholly-owned subsidiary of Teva Ltd. Teva USA. Teva denies the remaining allegations of this paragraph.

6. Teva admits that Teva USA filed ANDA No. 205857. Teva denies the remaining allegations of this paragraph.

7. Teva lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies the same.

## JURISDICTION AND VENUE

8. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Teva admits that subject matter jurisdiction is proper for purposes of this action only.

9. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Teva does not contest that venue is proper in this Court for purposes of this action only.

10. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Teva does not contest personal jurisdiction for purposes of this action only. Teva denies the remaining allegations of this paragraph.

11. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Teva does not contest personal jurisdiction for purposes of this action only. Teva admits that Teva USA is engaged in the manufacturing and sale of pharmaceutical products in the United States. Teva admits that Teva USA maintains a website, www.tevagenerics.com, that includes, *inter alia*, a listing of Teva USA's products, as well as the language "the largest generic pharmaceutical company in the country" and "Teva Pharmaceuticals USA is a wholly owned subsidiary of Israeli-based Teva Pharmaceutical Industries, Ltd." Teva denies the remaining allegations of this paragraph.

12. Denied.

13. Denied.

14. Teva admits that Teva USA sells generic products in the United States, including in this judicial district. Teva denies the remaining allegations of this paragraph.

15. Teva admits that Teva Ltd. filed claims or counterclaims in the identified actions. Teva Ltd. does not contest personal jurisdiction for this action only. Teva denies the remaining allegations of this paragraph.

16. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Teva USA does not contest personal jurisdiction in this Court for purposes of this action only. Teva denies the remaining allegations of this paragraph.

17. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Teva USA does not contest personal jurisdiction in this Court for purposes of this action only. Teva denies the remaining allegations of this paragraph.

18. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Teva Ltd. does not contest personal jurisdiction in this Court for purposes of this action only. Teva denies the remaining allegations of this paragraph.

## BACKGROUND

19. Teva admits that, according to the records of the United States Patent and Trademark Office ("PTO"), the PTO issued U.S. Patent No. 6,713,446 ("the '446 patent") on or about March 30, 2004; that the '446 patent is titled "Formulation of Boronic Acid Compounds;" that a copy of the '446 patent is attached to the Complaint as Exhibit A; and that the '446 patent is owned by the United States of America as Represented by the Secretary of the Department of Health and Human Services. Teva is without information sufficient to admit or deny the remaining allegations of paragraph 19 and therefore denies the same.

20. Teva admits that, according to the records of the United States Patent and Trademark Office ("PTO"), the PTO issued U.S. Patent No. 6,958,319 ("the '319 patent") on or about October 25, 2005; that the '319 patent is titled "Formulation of Boronic Acid Compounds;" that a copy of the '319 patent is attached to the Complaint as Exhibit B; and that the '319 patent is owned by the United States of America as Represented by the Department of Health and Human Services. Teva is without information sufficient to admit or deny the remaining allegations of paragraph 20 and therefore denies the same.

21. Teva is without information sufficient to admit or deny the allegations of paragraph 21 and therefore denies the same.

22. Based on information and belief, admitted.

23. Teva admits that based on information available on the FDA website that VELCADE® was approved by the FDA in 2003 under New Drug Application No. 21-602. Teva is without information sufficient to admit or deny the remaining allegations of paragraph 23 because such allegations contain vague and ambiguous terms and phrases (e.g., "several subsequent supplemental new drug applications" and "additional indications") and therefore denies the same.

24. Teva admits that the '446 patent and '319 patent are listed in the Approved Drug Products with Therapeutic Equivalence Evaluations, which is commonly referred to as the "Orange Book," in connection with VELCADE®. Teva is without information sufficient to admit or deny the remaining allegations of paragraph 24 and therefore denies the same.

25. Teva admits that Teva USA sent the Notice Letter to Plaintiff on January 2, 2014, and that Plaintiff received it on January 3, 2014. Teva admits that the Notice Letter informed

Plaintiff that Teva USA had submitted to the FDA ANDA No. 205857 for Bortezomib for Injection, 3.5 mg/Vial ("Teva USA's ANDA Product"); otherwise, denied.

26. Teva admits that Teva USA's Notice Letter stated that its ANDA included certifications pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II) with respect to the '446 and '319 patents and stated that the '446 and '319 patents are invalid, unenforceable, or will not be infringed by the commercial manufacture, use, offer for sale, or sale of the Teva USA's ANDA Product; otherwise, denied.

27. Teva admits that Teva USA sent the Notice Letter to Plaintiff on January 2, 2014; that Plaintiff filed this Complaint on January 22, 2014; and that Plaintiff served this Complaint on Teva USA on February 5, 2014. Teva is without information sufficient to admit or deny the remaining allegations of paragraph 27 and therefore denies the same.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,713,446

28. Teva incorporates by reference each of the preceding paragraphs 1-27 as if fully set forth herein.

29. Denied.  The '446 patent is invalid and therefore cannot be infringed.

30. Denied.  The '446 patent is invalid and therefore cannot be infringed.

31. Admitted.

32. Denied.  The '446 patent is invalid and therefore cannot be infringed.

33. Denied.

34. Denied.  The '446 patent is invalid and therefore cannot be infringed.

35. Denied.

36. Denied.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 6,958,319

37. Teva incorporates by reference each of the preceding paragraphs 1-36 as if fully set forth herein.

38. Denied.  The '319 patent is invalid and therefore cannot be infringed.

39. Denied.  The '319 patent is invalid and therefore cannot be infringed.

40. Admitted.

41. Denied.  The '319 patent is invalid and therefore cannot be infringed.

42. Denied.

43. Denied.  The '319 patent is invalid and therefore cannot be infringed.

44. Denied.

45. Denied.

The remainder of Plaintiff's Complaint recites prayer for relief for which no response is required.  To the extent a response is required, Teva denies that Plaintiff is entitled to any remedy or relief.

## AFFIRMATIVE DEFENSES

While expressly reserving its right to assert any additional defenses that discovery may reveal, Teva asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

1. One or more claims of the '446 patent and/or the '319 patent are invalid for failure to satisfy the provisions of one or more sections 101, 102, 103 and/or 112 of Title 35 of the United States Code.

## SECOND AFFIRMATIVE DEFENSE

2.     The filing of Teva USA's ANDA No. 205857 has not infringed, and does not infringe, valid and enforceable claims of either the '446 or '319 patents.

## THIRD AFFIRMATIVE DEFENSE

3.     The manufacture, use, sale or offer for sale of Teva USA's ANDA Product has not infringed, does not infringe, and would not, if marketed, infringe any valid and enforceable claims of either the '446 or '319 patents.

## FOURTH AFFIRMATIVE DEFENSE

4.     Teva's actions in defending this case do not give rise to an exceptional case under 35 U.S.C. § 285.

## FIFTH AFFIRMATIVE DEFENSE

5.     Teva has not willfully infringed any claim of either the '446 or '319 patents.

WHEREFORE, Teva requests that Plaintiff's Complaint be dismissed with prejudice and that Teva be awarded the costs of this action, its attorneys' fees and all other relief that this Court deems just and proper.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Teva USA, by way of counterclaim against Millennium Pharmaceuticals, Inc. ("Millennium"), alleges:

## THE PARTIES

1.     Teva USA is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1090 Horsham Road, North Wales, Pennsylvania 19454-1505.

2. Upon information and belief, Millennium is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 40 Landsdowne Street, Cambridge, Massachusetts 02139.

## JURISDICTION AND VENUE

3. These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4. These counterclaims arise under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Millennium because, among other reasons, it subjected itself to the jurisdiction of this Court by filing its Complaint here.

6. Venue is proper in this Court under 28 U.S.C. § 1391.

7. There is an actual justiciable controversy between the parties as to the infringement, validity and/or enforceability of U.S. Patent Nos. 6,713,446 (the "'446 patent") and 6,958,319 (the "'319 patent").

## FACTUAL BACKGROUND

8. Upon information and belief, Plaintiff holds approved New Drug Application ("NDA") No. 21-602 for VELCADE® for injection, which contains the active ingredient bortezomib.

9. NDA holders are required to disclose to the FDA the patent numbers of patents claiming the drug or the method of using such drug for which the NDA is submitted. FDA lists these patents in the FDA publication entitled "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book").

10. The '446 patent is titled "Formulation of Boronic Acid Compounds" and the face of it indicates that it was issued March 30, 2004.

11. The '319 patent is titled "Formulation of Boronic Acid Compounds" and the face of it indicates that it was issued October 25, 2005.

12. Upon information and belief, Millennium holds an exclusive license to the '446 and '319 patents.

13. Upon information and belief, Millennium caused the '446 and '319 patents to be listed in the Orange Book as patents that claim the drug and/or claims a method of using the drug that is the subject of NDA No. 21-602.

14. Teva USA submitted its ANDA No. 205857 to obtain FDA approval to engage in the commercial manufacture, use, and sale of Bortezomib for Injection, 3.5 mg/Vial prior to the expiration of the '446 and '319 patents.

15. Teva USA's ANDA No. 205857 contains a "Paragraph IV" certification under 21 U.S.C. § 505(j)(2)(A)(vii)(IV) that the '446 and '319 patents are invalid, unenforceable and/or will not be infringed by the commercial manufacture, use, or sale of Teva USA's ANDA Product.

16. On January 22, 2014, Millennium filed this instant lawsuit alleging infringement of the '446 and '319 patents.

## COUNT I

**(Declaratory Judgment of Non-Infringement and/or Invalidity of the '446 Patent)**

17. Teva USA re-alleges and incorporates by reference the allegations in paragraphs 1-16 of its Counterclaims.

18.     There is an actual, substantial, continuing and justiciable controversy between the parties regarding whether the filing of Teva USA's ANDA No. 205857 and/or manufacture, use, offer to sell, sale and/or importation into the United States of Teva USA's ANDA Product infringes, has infringed, and/or will infringe a valid and enforceable claim of the '446 patent.

19.     Teva USA has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '446 patent and is not liable for such infringement.

20.     Teva USA is entitled to a declaration that all claims of the '446 patent are not infringed and/or are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

## COUNT II

**(Declaratory Judgment of Non-Infringement and/or Invalidity of the '319 Patent)**

21.     Teva USA re-alleges and incorporates by reference the allegations in paragraphs 1-20 of its Counterclaims.

22.     There is an actual, substantial, continuing and justiciable controversy between the parties regarding whether the filing of Teva USA's ANDA No. 205857 and/or manufacture, use, offer to sell, sale and/or importation into the United States of Teva USA's ANDA Product infringes, has infringed, and/or will infringe a valid and enforceable claim of the '319 patent.

23.     Teva USA has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '319 patent and is not liable for such infringement.

24.     Teva USA is entitled to a declaration that all claims of the '319 patent are not infringed and/or are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

WHEREFORE, Teva USA prays for judgment in its favor and against Millennium as follows:

(a) Dismissing the Complaint with prejudice and denying each request for relief made by Millennium;

(b) Declaring all claims of the '446 patent invalid;

(c) Declaring that the filing of Teva USA's ANDA No. 205857 has not infringed and does not infringe any valid and enforceable claim of the '446 patent;

(d) Declaring that the manufacture, use, offer to sell, sale, and/or importation into the United States of Teva USA's ANDA Product does not, and would not, if marketed, infringe any valid and enforceable claim of the '446 patent;

(e) Declaring all claims of the '319 patent invalid;

(f) Declaring that the filing of Teva USA's ANDA No. 205857 has not infringed and does not infringe any valid and enforceable claim of the '319 patent;

(g) Declaring that the manufacture, use, offer to sell, sale, and/or importation into the United States of Teva USA's ANDA Product does not, and would not, if marketed, infringe any valid and enforceable claim of the '319 patent;

(h) Declaring this an exceptional case in favor of Teva USA and awarding its attorneys' fees pursuant to 35 U.S.C. § 285;

(i) Awarding Teva USA its costs and fees; and

     (j)     Awarding Teva USA such other and further relief as the Court deems just and equitable.

OF COUNSEL:
Mark D. Schuman
Samuel T. Lockner
Alexandra J. Olson
CARLSON, CASPERS, VANDENBURGH,
LINDQUIST & SCHUMAN, P.A.
225 South Sixth Street
Minneapolis, MN 55402
(612) 436-9654

Dated: February 26, 2014

*/s/ John W. Shaw*
John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
*Attorneys for Defendants*